# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/06/2021** at 09:05:46 PM
Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN PROTECTION PLANS, LLC, a Florida Limited Liability
Company [ADDITIONAL PARTIES FORM ATTACHED]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BURKE SMITH, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

North County Division
325 Melrose Drive, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*

37-2021-00051170-CU-OE-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan Dwin, Dwin Legal, APC, 2121 Palomar Airport Road, Suite 160, Carlsbad, CA 92011

DATE: 12/07/2021          Clerk, by ___A. Woolf___, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Smith v. American Protection Plans, LLC | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JOSHUA BRAUSER, an individual, MICHAEL BRAUSER, an individual; and DOES 1 through 20, inclusive;

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

**DWIN LEGAL, APC**
Evan Dwin (SBN 241027)
2121 Palomar Airport Road, Suite 160
Carlsbad, CA 92011
Tel: (760) 536-6471
Fax:(760) 585-4649

Attorneys for Plaintiff
BURKE SMITH

## SUPERIOR COURT OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| BURKE SMITH, an individual;<br><br>                    Plaintiff,<br>       vs.<br><br>AMERICAN PROTECTION PLANS, LLC, a Florida limited liability company; JOSHUA BRAUSER, an individual, MICHAEL BRAUSER, an individual; and DOES 1 through 20, inclusive;<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) FAILURE TO PAY WAGES DUE UPON TERMINATION (CAL. LABOR CODE §§ 201, 203 and 227.3)**<br><br>**(3) FAILURE TO REIMBURSE EXPENSES (CAL. LABOR CODE §§ 2802)**<br><br>**(4) VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Burke Smith ("Plaintiff") hereby alleges the following Complaint against Defendants American Protection Plans, LLC d/b/a American Residential Warranty ("ARW"), Joshua Brauser  ("Josh") and Michael Brauser ("Michael") (collectively, "Defendants") as follows:

### JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Defendants because the transactions described in this Complaint took place in California and Plaintiff was employed in California by ARW.

2.      Venue is proper in this Court because some or all of the transactions at issue took place in the County of San Diego.

**THE PARTIES**

3.      Plaintiff resides in San Diego County.

4.      Plaintiff is informed, believes, and based thereon alleges that ARW is a limited liability company formed under the laws of the State of Florida and doing business in San Diego County.

5.      Plaintiff is informed, believes, and based thereon alleges that Joshua Brauser is an individual residing in the State of Florida.

6.      Plaintiff is informed, believes, and based thereon alleges that Michael Brauser is an individual residing in the State of Florida.

7.      Upon information and belief, at all times relevant, ARW is an alter ego of Josh and Michael, in that (1) there is a "unity of interest and ownership" between Josh, Michael and ARW, and (2) it would be unfair if the acts in question are treated as those of only one entity alone.

8.      Plaintiff does not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason sues said Defendants under fictitious names.  Plaintiff will seek leave to amend this Complaint when the true names and capacities of these Defendants have been ascertained.  Plaintiff is informed and believes and thereon alleges that these Defendants are responsible in whole or in part for Plaintiff's alleged damages.

9.      At all relevant times, Defendants and DOES 1 through 20, jointly, employed Plaintiff under the California Labor Code by exercising control over Plaintiff's wages, hours or working conditions while suffering or permitting him to work for them.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10.     Plaintiff re-alleges and incorporates, by reference, each and every allegation contained in the preceding paragraphs as though fully set forth herein.

11.     Plaintiff began his employment with ARW on or about July 26, 2021 as the Chief Sales and Marketing Officer pursuant to a written contract (the "Employment Agreement"), a true and correct copy of which is attached hereto as **Exhibit 1** and incorporated by reference is if set

1   forth fully herein.  ARW, among other things, sells and provides home warranties to consumer

2   homeowners.

3        12.    Pursuant to the Employment Agreement, ARW agreed to pay Plaintiff a yearly salary

4   of $375,000 which was to be paid weekly.  ARW further agreed to provide Plaintiff annually with,

5   among other things, 3 paid personal days, 4 weeks of vacation, 10 paid holidays with an additional

6   2 "floating holidays."

7        13.    As part of the Employment Agreement, ARW granted Plaintiff stock options (the

8   "Options") to purchase up to 2% of the fully diluted shares of ARW's stock "equal to the Fair

9   Market Value of the shares at the time of the grant in accordance with 26 CFR § 1.409A-1."  The

10  Options vested over 24 months with each "quartered 25 basis points" vesting "until the full option

11  shares grant of 2% has vested over a period of 8 quarters" from July 26, 2021.

12       14.    In addition, ARW agreed that if Plaintiff's employment was "terminated for any

13  reason without Cause by the Company," that ARW "shall" pay Plaintiff a severance package (the

14  "Severance") which consists of Plaintiff's:

15            Regular salary . . . for a period of 12 months from [Plaintiff's]

16            separation date.

17       15.    On December 2, 2021, ARW terminated Plaintiff's employment without Cause.  In

18  its letter notifying Plaintiff of his termination, and in violation of the Employment Agreement,

19  ARW stated that Plaintiff is "not entitled to any further compensation, including without limitation,

20  any additional, salary, commissions, bonus, reimbursements, [sic] severance."  Further, in violation

21  of both the Employment Agreement and California Labor Code section 227.3, ARW stated that

22  Plaintiff "was not entitled to payment for unused and accrued earned Paid Time Off . . . ."  ARW

23  further violated the Employment Agreement by claiming that Plaintiff's right to the Options,

24  including the Options that already vested, were "extinguished" and that the Options were

25  "terminated."   ARW also failed to reimburse Plaintiff for necessary business expenses such as

26  travel expenses and business use of his cell phone.

27       16.    Plaintiff's final paycheck from ARW did not include any of his unpaid personal

28  days, vacation days or paid holidays or reimbursement for expenses.  ARW also made it clear that

1  and in writing that it would not pay Plaintiff his Severance and that it was extinguishing the

2  Options.

### FIRST CAUSE OF ACTION

### Breach of Contract

### (Against ARW and DOES 1-20)

6       17.     Plaintiff incorporates by reference each and every allegation above.

7       18.     As described above, Plaintiff and ARW entered into an Employment Agreement

8  which included ARW promising to: a) provide Plaintiff annually with 3 personal days, 4 weeks of

9  vacation, 10 paid holidays and 2 floating holidays (the "PTO"); b) the Severance pay of 12 months

10  salary if Plaintiff was terminated by ARW without cause; and c) stock options of up to 2% of

11  ARW's stock accruing quarterly for 24 months.

12      19.     Plaintiff performed all covenants and conditions required of him under the

13  Employment Agreements, except to the extent that Plaintiff has been excused from having to

14  perform any such covenants and conditions.

15      20.     ARW breached the Agreements with Plaintiff by failing to pay Plaintiff the PTO

16  upon termination, failing to pay the Severance of 12 months salary, and claiming that Plaintiff

17  forfeited his vested Options.

18      21.     As a proximate cause of ARW's breach of the Agreements, Plaintiff has suffered

19  damages in an amount to be proven at trial.

20      22.     Plaintiff's claim for breach of contract is an action to recover unpaid wages.  Plaintiff

21  is entitled, and hereby seeks, to recover his attorney's fees under Labor Code section 218.5.

### SECOND CAUSE OF ACTION

### Failure to Pay Wages Upon Termination

### (Cal. Labor Code §§ 201, 203 and 227.3)

### (Against All Defendants)

26      23.     Plaintiff incorporates by reference each and every allegation above.

27      24.     Pursuant to California Labor Code section 227.3, Plaintiff was entitled to payment

28  for all accrued PTO at the termination of his employment.  Plaintiff has PTO for which he was not

1  paid at the time of his termination.  Pursuant to Labor Code section 227.3, PTO wages are vested

2  when accrued, must be paid at termination and cannot be forfeited.

3       25.     Under California Labor Code section 201, an employer who terminates an employee

4  is required to pay all his wages due and owing immediately upon termination. Labor Code section

5  203 provides that where an employer fails to pay any wages of an employee who is discharged or

6  who quits, the wages of the employee shall continue as a penalty from the due date thereof at the

7  same rate until paid or until an action therefore is commenced, but the wages shall not continue for

8  more than thirty days.

9       26.     Defendants failed to pay Plaintiff all of the wages that were due and owing to him at

10  the time of his termination. Thus, in addition to his unpaid wages, Plaintiff is entitled to Waiting

11  Time Penalties pursuant to Labor Code Section 203.

12       27.     Josh and Michael are each an owner, director, officer, or managing agent of ARW,

13  and were acting on its behalf when they caused ARW to violate the California Labor Code as

14  alleged herein and are individually liable for the unpaid vacation and waiting time penalties

15  pursuant to Labor Code section 558.1.

16       28.     As a result of Defendants' conduct, Plaintiff is also entitled to recover his attorneys'

17  fees under Labor Code section 218.5 and/or other applicable law.

18  **<u>THIRD CAUSE OF ACTION</u>**

19  **(Failure to Reimburse Expenses)**

20  **(Against All Defendants)**

21       29.     Plaintiff incorporates by reference each and every allegation contained above.

22       30.     Plaintiff brings this claim individually and on behalf of Class Members.

23       31.     Pursuant to Labor Code Section 2802 "[a]n employer shall indemnify his or her

24  employee for all necessary expenditures or losses incurred by the employee in direct consequence of

25  the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

26       32.     While acting at the direction and instruction of Defendants, Plaintiff was required to

27  incur necessary expenses such as travel expenses and cell phone bills for the use of Plaintiff's cell

28  phone for business purposes.  Defendants failed to indemnify or reimburse Plaintiff for such

1   expenditures which were incurred in direct consequence of the discharge of his duties as required by

2   Labor Code section 2802.

3       33.    Josh and Michael are each an owner, director, officer, or managing agent of ARW,

4   and were acting on its behalf when they caused ARW to violate the Labor Code as alleged herein.

5   Therefore, they are liable for such violations pursuant to Labor Code section 558.1.

6       34.    As a proximate result of Defendants' unlawful conduct, Plaintiff sustained damages

7   and is entitled to recover unpaid expenses, losses, damages, interest, applicable penalties, attorney's

8   fees pursuant to Labor Code section 2802(c), 218.5 and/or other applicable law, and costs.

9                              **FOURTH CAUSE OF ACTION**

10      **Unfair Competition under Business and Professions Code section 17200**

11                   **(Against all ARW and DOES 1-25)**

12       35.    Plaintiff incorporates by reference each and every allegation above.

13       36.    Defendants are "persons" as that term is defined under California Business &

14   Professions Code section 17021.

15       37.    California's UCL defines unfair competition as any unlawful, unfair, or fraudulent

16   business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief

17   with respect to unfair competition as follows:

18          Any person who engages, has engaged, or proposes to engage in unfair competition
            may be enjoined in any court of competent jurisdiction. The court may make such
19         orders or judgments, including the appointment of a receiver, as may be necessary to
            prevent the use or employment by any person of any practice which constitutes unfair
20         competition, as defined in this chapter, or as may be necessary to restore to any person
            in interest any money or property, real or personal, which may have been required by
21         means of such unfair competition.

22   (Cal. Business & Professions Code, §17203.)

23       38.    Through the conduct alleged here, Defendants engaged in unlawful business practices

24   by violating California law, including but not limited to provisions of the Wage Orders, the California

25   Labor Code, including but not limited to, sections  201, 203 and 227.3 for which this Court should

26   issue declaratory, injunctive and/or other equitable relief, pursuant to California Business and

27   Professions Code section 17203, as may be necessary to prevent and remedy the conduct held to

28   constitute unfair competition.

39.     Defendants' violations of the Employment Laws and Regulations, as alleged here, include, but are not limited to, Defendants' decision to not pay Plaintiff all contractually-owed severance, failure to deliver the Options, reimburse Plaintiffs' expenses and failure to pay Plaintiff his PTO upon termination.

40.     The business acts and practices of Defendants in violating the California Labor Code, as described above, constitute an unlawful, unfair and/or fraudulent business practice in violation of the UCL.

41.     Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business and Professions Code sections 17200-17208.

42.     By and through the unfair and unlawful business practices described above, Defendants have obtained valuable property, money, and services from Plaintiff, and have deprived him of valuable rights and benefits guaranteed by law, all to his detriment and to the benefit of Defendants so as to allow Defendants to unfairly compete.  Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

43.     All the acts described here as violations of, among other things, the California Labor Code and California Code of Regulations, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of California Business and Professions Code section 17200 *et seq.*

44.     Plaintiff is entitled to, and do, seek a declaration that the above described business practices are deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining Defendants from engaging in any of these deceptive, unfair, and unlawful business practices in the future.

45.     Plaintiff has no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of Defendants.  Further, the practices alleged presently continue to

1 occur unabated. As a result of the unfair and unlawful business practices described above, Plaintiff

2 has suffered and will continue to suffer irreparable harm unless Defendants are restrained from

3 continuing to engage in these unfair and unlawful business practices.

4       46.     As a result of Defendants' unfair business practices, Defendants have reaped unfair

5 benefits and illegal profits at the expense of Plaintiff.  Defendants should be made to disgorge all ill-

6 gotten gains and restore such monies to Plaintiffs.

7                                    **PRAYER FOR RELIEF**

8       Plaintiff prays for judgment against Defendants as follows:

9       1.      For general and special damages;

10      2.      For a declaration that Defendants' violated the rights of Plaintiff under the California

11 Labor Code;

12      3.      For specific performance of offering Plaintiff the Options on the grounds: a) the

13 Employment Agreement was sufficiently definite and certain in its terms to be enforced; b) the

14 Employment Agreement was just and reasonable; c) Plaintiff has performed his side of the bargain;

15 d) ARW failed to perform; and e) that the Employment Agreement was supported by adequate

16 consideration.  Additionally, and pleading in addition and in the alternative to money damages,

17 Plaintiff alleges that ARW's breach of the promise to deliver the Options will cause him irreparable

18 harm which cannot be adequately compensated by money.

19      4.      For unpaid wages.

20      5.      For reimbursement of expenses.

21      6.      For waiting time penalties pursuant to Labor Code section 203 or other applicable

22 law.

23      7.      For pre-judgment and post-judgment interest where allowable;

24      8.      For an injunction and declaratory relief where applicable;

25      9.      For costs of suit and expenses;

26      10.     For reasonable attorneys' fees; and

27

28

- 8 -
COMPLAINT

1    11.    For such other and further relief as this Court may deem just and proper.

2  Respectfully submitted,

3  DATED:  December 6, 2021                    **DWIN LEGAL, APC**

4

5                                              _____

6                                              By:    Evan Dwin
                                                      Attorneys for Plaintiff
7                                                     BURKE SMITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

EXHIBIT 1

DocuSign Envelope ID: F7AC9E31-0D6B-48D3-86AD-90A506A9627E

**AMERICAN RESIDENTIAL WARRANTY**

901 Yamato Road, Suite 100E
Boca Raton, Florida 33431
Phone: (888) 508-8886
Fax: (561) 368-1224
www.ARWplans.com

July 22, 2021


**REVISED: Burke Smith Offer Letter**


Dear Burke,

On behalf of American Residential Warranty (ARW), I am pleased to offer you the position of **Chief Sales & Marketing Officer** for ARW and its related subsidiaries, parent companies, affiliates, and any related entities ("ARW or the Company"). You will be based remotely reporting directly to Josh Brauser, President. This letter confirms our offer to you and outlines the details of your new position.

**Start Date:** Your first day of employment will be July 26, 2021.

**Base Salary:** $375,000.00 annually paid weekly less applicable taxes.

**Sign-On Bonus:** You will receive a sign-on bonus in the form of a direct payment of $75,000, payable within 5 business days of your start date. In the event you resign, within six months of the effective date of your employment, you agree to repay the sign-on bonus in connection with your initial terms of employment.

**Sales Executive Commission Plan:** ARW will pay you monthly compensation of $2.50 for each paid annual subscriber contract after company achieves 30,000 real estate generated warranty contracts or starting on the first anniversary of this agreement, whichever comes first. Any net cancellation within the time frame allowed will not be included in the gross calculation. You will be paid an additional $0.50 cents for each annual net renewal. If company achieves above 20% renewal rate, additional $0.50 per renewal to be paid. Additional commission incentives TBD. Each party agrees that additional details of the commissionplan will be added to this agreement by way of a supplemental document to be attached to this agreement within 30 days of both parties executing this offer of employment.

**Bonus Plan:** Each party agrees that details of the Company bonus plan will be added to this agreement by way of a supplemental document to be attached to this agreement within 30 days of both parties executing this offer of employment.

**Common Stock Purchase:** The Company shall grant Burke Smith an option (the "Option") to purchase up to 2% of the fully diluted shares of Common Stock of the Company (the "Option Shares"). The exercise price of the Option Shares shall be equal to the Fair Market Value of such Option Shares at the time of the grant, as determined by the Board inaccordance with 26 CFR § 1.409A-1 . The Option shall be subject to the terms and conditions of the Company's Option Plan, as amended from time to time, and option award issued thereunder (collectively, the "Equity Documents"). The 2% option shares will vest over 24months, at each quarterend 25 basis points will vest until the full option shares grant of 2% has vested over a period of 8 quarters from the initial employment date. Upon the occurrence of a Change of Control, Company shall immediately accelerate vesting of 100% of any remaining unvested portion of the Option Shares.

DocuSign Envelope ID: F7AC9E31-0D6B-48D3-86AD-90A506A9627F

**Burke Smith**

By:

Name: Burke Smith

Title: Chief Sales & Marketing Officer

Address: 1122 Montura Rd

San Marcos, CA 92078

DocuSign Envelope ID: F7AC9E31-0D6B-48D3-86AD-90A506A9627F

**Paid Time Off:** You will receive annually 3 personal days, 4 weeks of vacation, 10 paid holidays with an additional 2 floating holidays, and 6 sick days which accrue each pay period and are pro-rated in the first year of employment.

**Benefits:** An employer sponsored health care plan is available to you beginning first of the month, after completing 60 days in accordance with our current ADP TotalSource contribution contract. You will be eligible to participate in the company's 401k program after one year of employment. The program currently matches 100% of all contributions up to 4% of your annual salary and vesting is immediate.

**Separation Agreement:** If your employment with the Company is terminated for any reason without Cause by the Company, the Company will provide you with a severance package in exchange for a customary full release from you. Under this package, the Company shall pay your regular salary, less applicable taxes, and payroll deductions, and in accordance with the Company's customary payroll practices for a period of twelve (12) months from your separation date. If your employment is terminated by you without Cause, you will not be entitled to a severance.

*"Cause" means: (i) willful failure by you to perform your duties and responsibilities to the Company (unless such failure was caused by your incapacity due to a physical or mental illness) after written notice thereof and a failure to remedy such failure within thirty (30) days of such notice; (ii) commission by you of any act of gross negligence, fraud, embezzlement or dishonesty which is, in each case, causes material injury to the Company; (iii) commission by you of any other willful misconduct that has caused or is reasonably expected to cause material injury to the Company; (iv) your conviction of a felony; (v) material unauthorized use or disclosure by you of any confidential information of the Company; or (vi) material breach by you of any of your obligations under any written agreement with the Company. For purposes of this Section, no acts or failures to act shall be considered "willful" unless such actions, or failures to act, are in bad faith or without reasonable belief that the action or failure to act was in the best interests of the Company. Your actions, or failures to act, based upon authority given pursuant to the CEO or board of directors, or upon the advice of counsel for the Company shall be conclusively presumed to be in good faith and in the best interests of the Company.*

**Other:** The Company acknowledges Burke Smith has an existing brokerage and consulting business and is recognized as an industry subject matter expert. While Burke's primary earning focus will be his employment at ARW, there may be times external parties request Burke to participate in speaking engagements and/or seek advice. Burke will notify ARW in writing upon receiving such requests.

**American Protection Plans Inc.**

By: _____

Name: _Josh Brauser_

Title: _President_